# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
    Plaintiff,     )
v.     )
    )
SANDY D. LASHLEY,     )     Cr. ID. No. 1709005240
    )
    Defendant.     )

Submitted: April 15, 2021
Decided: June 21, 2021

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

**ORDER**

Cari Chapman, Esq., Deputy Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for the State*.

Sandy D. Lashley, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**JOHNSTON, J.**

This 21st day of June, 2021, the Court has considered Defendant's Motion for Postconviction Relief (the "Rule 61 Motion"), the State's Response to Defendant's Rule 61 Motion, the Commissioner's Report and Recommendation, and the relevant proceedings below. For the reasons set forth in this Order, the Commissioner's Report and Recommendation dated March 16, 2021 is **ADOPTED**. Defendant's Motion for Postconviction Relief is **DENIED**.

## BACKGROUND[1]

On September 7, 2017, Defendant Sandy Lashley was involved in an altercation that ended with Defendant shooting Allen Melton. Mr. Melton ultimately passed away from his injuries. After the shooting, Defendant fled to New York in an attempt to avoid criminal prosecution. On March 26, 2018, a Superior Court grand jury indicted Defendant on the charges of Murder in the First Degree and Possession of a Firearm During the Commission of a Felony. Two months later, on May 16, 2018, Defendant was extradited to Delaware from New York where he had been apprehended by the U.S. Marshal's Task Force.

Following his arrest, Defendant faced a minimum mandatory sentence of life plus three years if convicted of the first-degree murder and possession charges. Defendant entered into a plea agreement on May 23, 2019. Pursuant to the terms of the agreement, Defendant agreed to plead guilty to Murder in the Second Degree and

---

[1] The following facts are summarized from Comm'r Report at 1-2.

Possession of a Firearm During the Commission of a Felony. In exchange, the State agreed to recommend a sentence of 25 years unsuspended prison time. On July 19, 2019, Defendant ultimately was sentenced to 23 years unsuspended time at Level V followed by two years of Level III probation.

Defendant did not file any direct appeals. However, on October 22, 2019, Defendant filed a Rule 35 Motion for a Reduction of Sentence. This motion was denied on December 12, 2019. On June 18, 2020, Defendant timely filed the Rule 61 Motion at issue in this Order. The Rule 61 Motion was assigned to a Superior Court Commissioner pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5). The Commissioner issued a Report and Recommendation that Defendant's Motion be Denied on March 16, 2021. Defendant did not file an objection.

## ANALYSIS

Defendant raises four arguments in his Rule 61 Motion: (1) his constitutional rights were violated because he was sentenced outside of SENTAC guidelines; (2) his constitutional rights were violated because the State failed to take his mental health and past abuse into account during sentencing; (3) Trial Counsel was ineffective because he coerced Defendant into entering a guilty plea even though Defendant was illiterate and incompetent at the time; and (4) Trial Counsel was ineffective because he failed to help Defendant understand an actual innocence claim. After careful consideration, the Commissioner found that these claims were

3

waived. Further, even if Defendant had not waived these claims, they are procedurally barred and without merit. The Court agrees.

### *Waiver of Claims*

This Court has held that "[i]n the absence of clear and convincing evidence to the contrary, [a defendant] is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his testimony prior to the acceptance of the guilty plea."[2] As the Commissioner summarized, at the time the Defendant entered his guilty plea, he represented to the Court that: (1) he and Trial Counsel had reviewed the plea agreement and Truth-in-Sentencing Guilty Plea Form together; (2) he was satisfied with Trial Counsel's performance; (3) he understood that he was facing a prison sentence that could be anywhere between 18 years to life; (4) Trial Counsel had advised Defendant of his rights; (5) he understood the consequences of entering a guilty plea; (6) he had recklessly caused the death of the victim; and (7) he knowingly and unlawfully possessed a firearm during the commission of the murder.[3] Defendant has not presented any evidence that suggests he should not be bound by these representations or that the entry of his plea was not valid.

When a defendant enters a valid guilty plea, he waives the right to challenge alleged errors, even those that that implicate constitutional rights.[4] As the

---

[2] *State v. Stuart*, 2008 WL 4868658, *3 (Del. Super.).
[3] Comm'r Report at 4-5.
[4] *Smith v. State*, 2004 WL 120530, at *1 (Del.).

4

Commissioner found, all of Defendant's claims presented in the Rule 61 Motion "stem from allegations of defects, errors, misconduct and deficiencies which existed at the time of the entry of the plea and sentence."[5] Therefore, the Court agrees that Defendant's claims were waived when he entered his plea.

### Violation of Rights Claims

Even if Defendant had not waived the claims based on the alleged violations of his rights, these claims would be procedurally barred. As to the length of his sentence, Defendant previously raised an illegal sentence claim in a Rule 35 motion that was denied by this Court.[6] In a Rule 61 Motion, "[a]ny ground for relief that was formerly adjudicated . . . is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice."[7] Because this Court has already determined that Defendant's sentence is appropriate and proper, he is procedurally barred from challenging it in his Rule 61 Motion.

Defendant's argument that the State did not take his mental health or past abuse into account is likewise procedurally barred by Rule 61(i)(3) which states that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction . . . is thereafter barred, unless the movant shows: (A) Cause for relief from the procedural default and, (B) Prejudice from violation of

---

[5] Comm'r Report at 6.
[6] *Id.* at 2.
[7] Superior Court Criminal Rule 61(i)(4).

5

the movant's rights." If Defendant wished to challenge his sentence on the basis that the State did not consider mitigating factors, he would have had to file a direct appeal—which he did not do. Therefore, he cannot raise the argument now. Because Defendant's first two claims are procedurally barred, the Court need not address their merits.

### *Ineffective Assistance of Counsel Claims*

Defendant argues that Trial Counsel was ineffective because he coerced Defendant into accepting a guilty plea, failed to see that Defendant was incompetent and illiterate when he entered the plea, and did not help Defendant understand that he could raise a claim of actual innocence. A claim for ineffective assistance of counsel is properly brought in a Rule 61 motion. However, even though Defendant's third and fourth claims are not procedurally barred—as this is the first time Defendant has filed a Rule 61 Motion and raised an ineffective assistance claim—they still fail because they are without merit.

In order to succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, *i.e.*, that it fell below "an objective standard of reasonableness," and that counsel's deficient performance prejudiced the defendant.[8] In other words, a defendant must show

---

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[9]

There is nothing in the record to suggest that Defendant was illiterate or incompetent when he entered his plea. Defendant participated in the plea colloquy and completed the Truth-in-Sentencing form. The Court found that Defendant entered his plea knowingly, intelligently, and voluntarily.[10] Additionally, Defendant was evaluated by two forensic psychologists prior to entering his plea— neither of whom reported anything that casts doubt on Defendant's competency.[11]

As to Defendant's coercion and innocence arguments, the Court notes that the State had compelling evidence against Defendant. Surveillance video footage shows that Defendant was near the scene of the crime, eyewitnesses identified Defendant, and Defendant fled to New York after the shooting occurred. Defendant has not presented clear evidence that he is innocent. Defendant also has not shown that Trial Counsel's "coercion" was anything more than communicating to Defendant the reality of the evidence against him and the possibility that Defendant could lose at trial and be sentenced to life for murder. In sum, Defendant has not shown that Trial Counsel's actions fell below an objective

---

[9] *Id.* at 694.
[10] Comm'r Report at 13.
[11] *Id.* at 14.

7

standard of reasonableness or that but-for Trial Counsel's actions the result of the underlying criminal proceeding would have been different.

## CONCLUSION

After a careful *de novo* review of the record in this action, the Court finds that the arguments presented in Defendant's Rule 61 Motion were waived upon entry of his guilty plea. The Court further finds that Defendant's arguments stemming from alleged violations of his rights are procedurally barred. Finally, Defendant has not shown that Trial Counsel was ineffective. Therefore, the Commissioner's Report and Recommendation dated March 16, 2021 is hereby **ADOPTED in its entirety.** Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

8